# United States Tax Court

T.C. Memo. 2023-147

PAUL C. ROBINSON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 16812-18.                       Filed December 11, 2023.

————

Paul C. Robinson, pro se.

*Nancy M. Gilmore*, *David A. Indek*, and *Bradley C. Plovan*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

JONES, *Judge*: Pursuant to section 6213(a),[1] Paul C. Robinson petitioned this Court seeking redetermination of deficiencies in federal income tax determined by the Internal Revenue Service (IRS) for taxable years 2014, 2015, and 2016 (tax years at issue). After trial in this matter, the parties stipulated that there are deficiencies in income tax due from Mr. Robinson for the tax years at issue. Thus, the only remaining issue for decision is whether Mr. Robinson is liable for accuracy-related penalties under section 6662(a). For the reasons set forth herein, we will sustain the IRS's determinations that Mr. Robinson is liable for section 6662(a) accuracy-related penalties.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*2]                         FINDINGS OF FACT

This case was tried during a remote trial session for Baltimore, Maryland. Before trial, the parties filed a Stipulation of Facts with accompanying exhibits. After trial, the parties also filed a Stipulation of Settled Issues. We incorporate by this reference the stipulations of facts and settled issues.

Mr. Robinson resided in Maryland when he timely petitioned this Court.[2] During the tax years at issue, he was employed full time as a project manager for the University of Maryland. Mr. Robinson also owned a vacation home in Ocean City, Maryland. During each of the tax years at issue, Mr. Robinson used the vacation home as a short-term rental property.

Mr. Robinson's 2014, 2015, and 2016 income tax returns were selected for examination. The IRS disallowed certain losses and other deductions, including losses related to the vacation home. The IRS also increased Mr. Robinson's income to include certain amounts not reported. On May 29, 2018, the IRS issued two Notices of Deficiency (NODs), one NOD for the 2014 and 2015 taxable years and one NOD for the 2016 taxable year.

In the NODs, the IRS determined a section 6662(a) accuracy-related penalty for each of the tax years at issue. The penalties for the 2014 and 2015 taxable years were personally approved in writing on May 11, 2017, by the immediate supervisor of the revenue agent who determined the penalties.[3] The penalty for the 2016 taxable year was personally approved in writing on December 1, 2017, by the immediate supervisor of the revenue agent who determined the penalty. These penalties were approved before the NODs were issued.

Mr. Robinson initially disputed the IRS's deficiency determinations. But on May 15, 2023, after trial in this matter, the parties stipulated that there are deficiencies in income tax due from Mr. Robinson, as follows:

---

[2] Absent stipulation to the contrary, an appeal in this case would lie in the U.S. Court of Appeals for the Fourth Circuit. *See* § 7482(b)(1)(A).

[3] The parties stipulated that penalties for the 2014 and 2015 taxable years were approved on May 11, 2017, and "reapproved" on August 31, 2017. *See* Rule 91(e).

[*3]

| Year | Deficiency |
|------|-----------|
| 2014 | $15,044 |
| 2015 | 7,989 |
| 2016 | 19,417 |

However, the parties were unable to reach an agreement regarding penalties. Thus, the Court directed the parties to file simultaneous opening briefs on or before July 21, 2023, and simultaneous answering briefs on or before August 21, 2023. Respondent filed an Opening Brief on July 20, 2023. Respondent avers that Mr. Robinson is liable for accuracy-related penalties because the underpayment of tax for each of the tax years at issue is due to a substantial understatement of income tax for which Mr. Robinson did not have reasonable cause or act in good faith.

Mr. Robinson did not file an opening brief in support of his position. Thus, on August 10, 2023, the Court issued an Order directing that respondent's brief be served on Mr. Robinson. The Court also concluded that Mr. Robinson had waived his opportunity to file a brief and that no answering briefs would be filed because of Mr. Robinson's failure to file an opening brief. Thus, the only issue remaining for decision is whether Mr. Robinson is liable for an accuracy-related penalty for an underpayment attributable to a substantial understatement of income tax under section 6662(a) and (b)(2) for each of the tax years at issue.

OPINION

I.     *Burden of Proof*

The determinations in a notice of deficiency bear a presumption of correctness, *see Welch v. Helvering*, 290 U.S. 111, 115 (1933), and the taxpayer generally bears the burden of proving them erroneous in proceedings in this Court, *see* Rule 142(a)(1). However, the Commissioner bears the burden of production "with respect to the liability of any individual for any penalty." *See* § 7491(c). To meet this burden, he must produce sufficient evidence demonstrating the appropriateness of imposing the penalty. *Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). We may consider a taxpayer's concessions when determining whether the Commissioner has carried his burden. *Oria v. Commissioner*, T.C. Memo. 2007-226, 2007 WL 2318367, at *4; *Rogers v. Commissioner*, T.C. Memo. 2005-248, 2005 WL 2788435, at *4. If the Commissioner carries his burden, the taxpayer bears the burden of proving that penalties are inappropriate. *Higbee*, 116 T.C. at 446–47.

**[\*4]** II.    *Substantial Understatement*

Section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment of tax required to be shown on a return that is attributable to "[a]ny substantial understatement of income tax." An understatement of income tax is "substantial" if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. *See* § 6662(d)(1)(A). The Commissioner must also demonstrate that the section 6751(b)(1) requirement for written supervisory penalty approval has been met. *See, e.g., Ninke v. Commissioner*, T.C. Memo. 2023-88, at \*14.

The parties stipulated that the accuracy-related penalty for each of the tax years at issue was approved before the NODs were issued. Because the penalties were approved before the NODs were issued (and there is no evidence of any earlier formal communication of penalty determinations), we also find that the approval was timely under section 6751(b)(1). *See Belair Woods, LLC v. Commissioner*, 154 T.C. 1, 15 (2020) (noting that supervisory approval must be secured no later than the date on which the IRS issues the notice of deficiency or the date, if earlier, on which the IRS formally communicates to the taxpayer the determination to assert a penalty); *see also Frost v. Commissioner*, 154 T.C. 23, 32–36 (2020) (holding that once the Commissioner meets his initial burden of production related to timely approval of penalties, the burden "shifts to [the taxpayer] to offer evidence suggesting that the approval of the substantial understatement penalty was untimely").

Moreover, the table below demonstrates that there is a substantial understatement of income tax for each of the tax years at issue:

| Year | Tax Required to be Shown | Tax on Return | 10% of Tax Required to be Shown | Understatement |
|---|---|---|---|---|
| 2014 | $15,044 | 0 | $1,504 | $15,044 |
| 2015 | 7,989 | 0 | 799 | 7,989 |
| 2016 | 20,063 | $646 | 2,006 | 19,417 |

Accordingly, as a matter of arithmetic, Mr. Robinson substantially understated his tax liabilities because the understatement of income tax for each of the tax years at issue exceeds the greater of $5,000 or 10 percent of the amount required to be shown on each return.

**[\*5]** III.    *Defenses to Accuracy-Related Penalties*

Mr. Robinson can avoid accuracy-related penalties by setting forth defenses, including that (1) he had "substantial authority" for the tax positions he took on his returns, *see* § 6662(d)(2)(B)(i); (2) the relevant facts were adequately disclosed and there was a reasonable basis for the tax treatment, *see id.* cl. (ii); or (3) he had reasonable cause for any portion of the underpayment and acted in good faith, *see* § 6664(c)(1). However, Mr. Robinson failed to file a brief setting forth why he claims that penalties do not apply here. Typically, an argument not made by a party in a brief is deemed abandoned. *See Mendes v. Commissioner*, 121 T.C. 308, 312–13 (2003); *Shuman v. Commissioner*, T.C. Memo. 2018-135, at \*21 n.13, *aff'd*, 774 F. App'x 813 (4th Cir. 2019). Because of the lack of briefing by Mr. Robinson, the Court deems the argument waived.[4]

Even if Mr. Robinson has not waived his argument, we hold that the record before us is devoid of any evidence of a defense for the accuracy-related penalties. At trial, Mr. Robinson did not present evidence and did not argue that a defense applies to the accuracy-related penalties. Accordingly, we sustain the IRS's imposition of the substantial understatement accuracy-related penalty for each of the tax years at issue. *See Hastings v. Commissioner*, T.C. Memo. 2009-69, 2009 WL 814227, at \*6 (sustaining accuracy-related penalties after noting that the taxpayers did not present evidence and did not argue that any defenses applied).

IV.    *Conclusion*

Based on the foregoing, we sustain the IRS's determinations of the accuracy-related penalties as set forth herein. In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*

---

[4] On August 10, 2023, we ordered that Mr. Robinson had waived his right to file a brief after failing to file one by the deadline set by the Court and failing to seek leave of the Court to file a brief after the missed deadline. *See* Doc. 67.